UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>LAMAR COOK | Docket No. 26-MJ-8305-PGL |

# GOVERNMENT'S MOTION FOR TEMPORARY DETENTION PURSUANT TO 18 U.S.C. § 3142(A)(3) & (D)

The United States respectfully moves for entry of an Order temporarily detaining Defendant LAMAR COOK, pursuant to 18 U.S.C. § 3142(a)(3) & (d), to permit revocation of the Defendant's conditional release by the Hampden Superior Court. In support, the government states:

1. On October 29, 2025, the Defendant was arraigned on various state drug and firearms charges. Those charges remain pending. *See* Exhibit A and Exhibit B.

2. On October 31, 2025, a Justice of the Springfield District Court granted the Hampden County District Attorney's Office's ("HCDAO") motion for pretrial detention on dangerousness grounds. *See* Exhibit C.

3. On March 6, 2026, the Defendant was indicted by a Hampden County grand jury on felony drug and firearm charges and arraigned in Hampden Superior Court. *See* Exhibit D. The charges carry a mandatory minimum penalty of twelve years in state prison.

4. On March 6, 2026, a Justice of the Hampden Superior Court denied the HCDAO's renewed motion for pretrial detention and set cash bail in the amount of $25,000. *See* Exhibit D.[1]

[1] It appears that the Hampden Superior Court believed that the Defendant is "married with children," and cited that as part of its decision to impose a cash bail. *See* Exhibit D. The government does not believe the Defendant is married.

5. On March 9, 2026, the Defendant posted the cash bail , and was released subject to pretrial conditions of release that he signed, including that he obey all state and federal laws. *See* Exhibit E.

6. Under § 3142(d), if a judicial officer determines that the Defendant (A) "is, and was at the time the offense was committed on," "(i) release pending trial for a felony under Federal, State, or local law" and (2) "such person may flee or pose a danger to any other person or the community" then the " judicial officer **shall order** the detention of such person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official." (Emphasis added).

7. The alleged offense in this case began on April 6, 2026, while the Defendant was pretrial release in the state case. *See* Complaint & Affidavit in Support of Criminal Complaint.

8. The District Court in the state case originally found that the Defendant presented a danger to the community and ordered him detained. *See* Exhibit C. The allegations in the state case and the Defendant's alleged continuing criminal activity in this case, committed while on pretrial release for the state case, support a finding that he presents a danger to the community under § 3142(d)(2).

9. In the state case, the Commonwealth alleges that the Defendant shipped approximately 8 kilograms of cocaine to the Springfield Office of the Massachusetts Governor and 13 kilograms of cocaine to a hotel where he was previously employed. The Commonwealth further alleges that the Defendant illegally possessed a Taurus firearm with 9 rounds of 9mm ammunition in his home. *See* Exhibit F (state arrest report and search warrant affidavit).

10. After the Defendant's arrest this morning, the government contacted the prosecutor assigned to the pending case in Hampden Superior Court. The state prosecutor advised the government that it will be filing a motion to revoke the Defendant's pretrial release based on the new charges and will be seeking the Defendant's pretrial detention.

11. The government, therefore, requests that the Court order that the Defendant be "temporarily detained to permit revocation of conditional release," 18 U.S. Code § 3142(a)(3), for a period of at least ten days to facilitate the HCDAO filing a motion to seek revocation of the Defendant's pretrial release.

Respectfully submitted,

LEAH B. FOLEY,
United States Attorney

By: */s/ Philip A. Mallard*
Philip A. Mallard
Assistant U.S. Attorney

Date: October 14, 2026

**CERTIFICATE OF SERVICE**

I, Philip A. Mallard, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: October 14, 2026

*/s/ Philip A. Mallard*
Philip A. Mallard
Assistant United States Attorney